**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Keith Howard,<br><br>Plaintiff,<br><br>v.<br><br>Blue Cross Blue Shield of Arizona,<br><br>Defendant. | No. CV-16-03769-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion to Admit Certain Non-Record Documents (Doc. 78, Mot.). Defendant filed a Response in Opposition to the motion (Doc. 80, Resp.).

### I. FACTUAL BACKGROUND

Plaintiff is an employee of Sunstate Equipment Co., LLC (Sunstate). (Doc. 1, Compl. ¶ 6.) Defendant is the medical insurance provider for Sunstate employees, including Plaintiff. (Compl. ¶ 6.) After Defendant denied Plaintiff's claims for coverage related to cancer treatment, Plaintiff filed an action under the Employee Retirement Income Security Act ("ERISA"). (Doc. 1, Compl.)[1]

On June 13, 2018, Plaintiff filed an Opening Brief (Doc. 77, Pl. OB) and a Motion for Admission of Documents (Mot.). Plaintiff seeks to admit the following: Blue Cross Blue Shield of Arizona's ("BCBSAZ") Appeal Guidelines and Procedures manual

---

[1] Plaintiff's original complaint was based on state law contract claims. In his subsequent amended complaints, Plaintiff made clear that his claim is governed by ERISA. (Docs. 21, 26, 33). Defendant moved to dismiss Plaintiff's state law claims due to ERISA preemption and this Court granted the motion on July 12, 2017 (Doc. 47). The issue before the Court is now governed solely by ERISA.

(Doc. 77-1); discovery responses served on Plaintiff (Docs. 77-2 and 77-3); proof of payment by Plaintiff of the cost of treatment for which he seeks recovery of benefits (Doc. 77-4); two public website materials posted by Harvard Pilgrim Health Care and Health Care Service Corporation (Docs. 77-5 and 77-6); and all documents produced by Defendant in response to discovery requests. (Mot.) In response, Defendant objects only to admission of the BCBSAZ Appeal Guidelines and Procedures manual (Doc. 77-1) and the materials from the public websites of Harvard Pilgrim and Health Care Service Corporation (Docs. 77-5 and 77-6). (Resp.)

## II. LEGAL STANDARD

In ERISA cases, whether evidence outside the administrative record may be admitted depends on the whether the court reviews the benefits decision under an abuse of discretion or de novo standard. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). The Ninth Circuit recognized that "in general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review." *Id.* at 970.

When a plan grants the administrator discretion in approving or denying a claim, courts apply an abuse of discretion review to the administrator's decision. *Id.* at 969. The more lenient abuse of discretion standard is limited to the evidence in the administrative record. *Id.* at 970 ("[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion"). However, a potential conflict of interest may be proven through evidence outside the administrative record, as long as the evidence is used to show "the nature, extent, and effect on the decision-making process of any conflict of interest." *Id.* at 970. The most obvious conflict of interest occurs when the plan administrator "both administers the plan and funds it," therefore acting as both administrator and fiduciary. *Id.* at 967. When that is the case, the plaintiff "will have the benefit of an abuse of discretion review that always considers the inherent conflict . . . even in the absence of 'smoking gun' evidence of conflict." *Id.* at 969. In any case of potential conflict of interest, even when the administrator is not a

fiduciary but may have some other conflict, the court may look outside the record to determine whether such a conflict exists and ultimately "must decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage." *Id.* at 968. While this limited exception allows extrinsic evidence under the abuse of discretion standard when necessary to determine whether a conflict of interest affected the administrator's decision, "the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established." *Id.*

On the other hand, when a plan confers no discretion on the administrator, a court will review the decision de novo. *Id.* at 969. Under this standard, the court is permitted to examine evidence outside of the administrative record. *Id.* at 970 ("While under an abuse of discretion standard our review is limited to the record . . . this limitation does not apply to de novo review.") (quoting *Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003)). Courts are not required to accept extrinsic evidence, and should review it only "when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review." *Jebian*, 349 F.3d at 1110 (quoting *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995)).

As a default, the Ninth Circuit applies a de novo review, and in order to trigger "the more lenient abuse of discretion, the plan must unambiguously provide discretion to the administrator." *Abatie*, 458 F.3d at 963. In deciding whether the plan administrator has discretion, "[t]he essential first step of the analysis . . . is to examine whether the terms of the ERISA plan unambiguously grant discretion to the administrator." *Id.* While "[t]here are no 'magic' words that conjure up discretion . . . the Supreme Court has suggested that a plan grants discretion if the administrator has the 'power to construe disputed or doubtful terms' in the plan." *Id.* (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)). The Ninth Circuit has held that wording "granting the power to the interpret plan terms and to make final benefits determinations" is sufficient to confer discretion on the administrator. *Id.* But plans "are insufficient to confer

discretionary authority on the administrator when they do not grant any power to construe the terms of the plan." *Id.* at 964.

### III. ANALYSIS

Here, Plaintiff wishes to admit several documents outside of the administrative record, only some of which are contested. Defendant does not object to the admission of discovery responses served on Plaintiff (Docs. 77-2 and 77-3), proof of Plaintiff's payment for his medical treatment (Doc. 77-4), or documents produced in response to discovery requests. (Resp.) Those documents are therefore admitted.

As to BCBSAZ's manual (Doc. 77-1) Defendant argues that the manual Plaintiff seeks to admit is the 2017 version, which is inapplicable to Plaintiff's 2014 claim. (Resp.) Defendant also points out that the 2014 manual is currently part of the administrative record. (Resp. at 1.) Indeed, Plaintiff cites to the 2014 version throughout his Opening Brief (Pl. OB). The Court finds no need to admit the 2017 manual when it has no bearing on Plaintiff's case. Thus, Plaintiff's motion is denied as to Doc. 77-1.

The only remaining evidence which Plaintiff seeks to admit from outside the administrative record are two public website materials posted by Harvard Pilgrim Health Care and Health Care Service Corporation. (Mot.) Specifically, these pages describe the coverage that those two insurance companies provide for Plaintiff's cancer treatment. (Resp. at 1.) Presumably, Plaintiff seeks to admit them to show that other insurers cover his treatment and that it was unreasonable for Defendant not to. Defendant argues that the extrinsic evidence goes to the merits of Plaintiff's claim—not to any alleged conflict of interest. (Resp. at 2.)

Unsurprisingly, Plaintiff argues in his Opening Brief that the plan administrator failed to exercise discretion and thus the Court should apply a de novo review standard, which would permit extrinsic evidence. (Pl. OB at 5–12.) Plaintiff also argues that decisions about his cancer treatment were the product of a conflict of interest because Defendant is a fiduciary to Sunstate's medical plan and those covered by the plan. (Pl. OB at 12–13.) Also unsurprisingly, Defendant argues the opposite—that the abuse of

discretion standard should apply and there was no conflict of interest, meaning the Court should not examine any evidence outside the administrative record. (Doc. 60 at 8–9.)

By its plain language, the plan at issue gives its administrator, Defendant, "discretionary authority to determine extent of coverage." (Doc. 65-1 at 14). Specifically, Defendant determined that Plaintiff's treatment was not "medically necessary," which it has discretion to decide under the plan. (Doc. 65-1 at 14) ("BCBSAZ, or BCBSAZ's contracted vendor, in its sole and absolute discretion, decides whether a service is medically necessary."). Based on the plain terms of the plan, abuse of discretion review applies. *See Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Emps. of Transferred GE Operations*, 244 F.3d 1109, 1113 ("it is 'easy enough' to confer discretion unambiguously" by using the word "discretion") (quoting *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1206 (9th Cir. 2000)).

But while Plaintiff does not seem to dispute that the plan on its face confers discretion, he argues that the administrator nonetheless failed to exercise that discretion. (Pl. OB at 6.) Plaintiff claims that Defendant's administrator "merely quoted" the applicable medical guidelines to determine that his treatment was not medically necessary, and that Defendant never "analyzed his health, life expectancy, lifestyle or treatment objectives . . . [and] [n]either did they compare the likely effectiveness of [Plaintiff's] therapy to any other forms of treatment." (Pl. OB at 6.) It is true that all the administrator had to do was reference the applicable Medical Coverage Guidelines ("MCGs") for a conclusion that, under the plan, Plaintiff's "therapy is considered not medically necessary . . . based upon insufficient evidence to support improvement of the net health outcome." (Doc. 63-1 at 6). But even if the administrator's discretion was limited, the plan's unambiguous language keeps it within abuse of discretion review. *Abatie*, 458 F.3d at 963 ("we have repeatedly held that similar plan wording—granting the power to interpret plan terms and to make final benefits determinations—confers discretion"). *Abatie* acknowledges one case where extremely limited discretion made de novo review appropriate, but there, the plan's "provisions merely identified the plan

administrator's tasks and bestowed no power to interpret the plan." *Id.* Here, the plan unambiguously bestowed the power of discretion on the plan administrator, and in choosing and applying the correct guidelines, the administrator exercised some minimal amount of discretion. Thus, absent a conflict of interest, the Court will apply an abuse of discretion standard.

The Court also finds no discernible conflict of interest which would allow the court "in its discretion, [to] consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 970. As Defendant points out, there is no sign of the inherent conflict that occurs when a plan administrator "both administers a plan and funds it" because Defendant does not fund the plan and thus had no financial incentive to deny Plaintiff's claims. (Doc. 72 at 11.) While *Abatie* recognizes the risk of potential conflicts outside this most elementary one and dictates that courts should consider those conflicts "even in the absence of 'smoking gun' evidence," parties raise no such conflict. *Abatie*, 458 F.3d at 967. Further, even if the plan administrator had a conflict of interest, the Court fails to see how introduction of the plans of other health insurers would bear on that conflict of interest. It is always within the Court's discretion to admit evidence outside the administrative record. *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion, consider evidence outside the administrative record.") The Court is not required to admit any extrinsic evidence, particularly when the proposed evidence has no bearing on an alleged conflict of interest.

### IV. CONCLUSION

In denying Plaintiff's claim, the plan administrator was granted discretion and used that discretion to select and apply the correct listings from the MCGs. Without any discernible conflict of interest or any evidence that would assist the Court in evaluating the effect of such a conflict, the Court will review the administrator's decision for abuse of discretion. Under that standard, the Court may not admit evidence outside the administrative record.

IT IS SO ORDERED denying Plaintiff's Motion to Admit Certain Non-Record Documents (Doc. 78) as to the 2017 Appeal Policies (Doc. 77-1) and the public website materials of Harvard Pilgrim Health Care and Health Care Service Corporation (Docs. 77-5 and 77-6).

IT IS FURTHER ORDERED granting undisputed portions of Plaintiff's Motion to Admit Certain Non-Record Documents (Doc. 78) as to the discovery responses served on Plaintiff (Docs. 77-2 and 77-3), proof of payment by Plaintiff of the cost of his treatment (Doc. 77-4), and all documents produced by Defendants in response to discovery requests and cited by Plaintiff, including the Record at 1058–1061, 1072, 1077, 1145–1266, 1283–1285, 1334, 1337, 1340, 1434, 1482, 1487, and 1491–1494.

Dated this 2nd day of November, 2018.

Honorable John J. Tuchi
United States District Judge